UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Western Division

Sidney Nelson and Susan Nelson, )
    Plaintiff(s); )
)
-vs.- ) No. CV 97-P-2513-W
)
Carnival Cruise Lines, Inc, et al., )
    Defendant(s). )

Opinion

FILED 98 MAR -9 PM 1:24 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED MAR 0 9 1998

Plaintiffs' Motion to Remand, Defendant's Motion to Dismiss, and Plaintiffs' Motion to Stay Defendant's Motion to Dismiss were considered by the court at its October 24, 1997 motion docket. For the reasons stated below, the motion to remand is due to be DENIED and the motion to dismiss is due to be GRANTED. Plaintiffs' Motion to Stay is due to be denied as MOOT.

Statement of Facts[1]

This nationwide class action arises out of a dispute between plaintiffs Sidney and Susan Nelson, who purchased tickets for a cruise ("the Nelsons"), and Carnival Cruise Lines, Inc., the cruise provider ("Carnival"). Plaintiffs object, individually and as class representatives, to Carnival's imposition of "port charges" on the ticketed fares that it receives in exchange for providing pleasure cruises. Plaintiffs allege that Carnival "engaged in a scheme to defraud unwary consumers, such as the Plaintiffs . . . by charging 'port charges' in excess of the actual dockage costs assessed by governmental agencies." Complaint ¶15.

The complaint alleges that the Nelsons are members of a nationwide class comprised of

---

    1. The recitation of "facts" is based upon the materials submitted viewed in the light most favorable to the Plaintiff.

more than 100,000 members and defined as:

> All residents of the United states who were charged for "port charges" greater than needed to cover actual dockage costs assessed for governmental agencies during the twenty year period preceding the filing of this lawsuit....

Complaint ¶ 6. Excluded from the class are persons already parties to a similar lawsuit against Carnival, persons who have already obtained a judgment against or settled with Carnival, and persons who are parties to an arbitration agreement with Carnival.

The Nelsons filed this action in the Circuit Court of Sumter County, Alabama, on August 21, 1997, alleging counts of fraudulent conduct, fraudulent concealment, breach of contract, unjust enrichment, criminal deception and declaratory judgment. On the same day, the state court granted plaintiffs' *ex parte* motion for conditional class certification. Carnival was served with the complaint on August 27, 1997 and timely removed the action to this court on September 19, 1997.

## Analysis

### I. Plaintiffs' Motion to Remand

Plaintiffs have moved for remand of this matter to the Circuit Court of Sumter County based on a lack of proper diversity jurisdiction. The Nelsons are residents of Alabama. Carnival is a Panamanian corporation with its principal place of business and corporate headquarters in Miami, Florida. Plaintiffs assert that there is an insufficient amount in controversy to support federal diversity jurisdiction, since plaintiffs request damages of $74,000 per class member, disavow any claim for punitive damages, and state that any attorneys' fees recovered will be paid from a common fund established for plaintiffs' benefit.

Several weeks ago, this court denied a similar motion to remand in *Davis v. Carl Cannon*

*Chevrolet-Olds, Inc.*, No. CV 97-P-2889-J (N.D. Ala. Feb. 18, 1998). The *Davis* matter is somewhat similar to the case at bar, in that it concerns the disclosure and characterization of fees assessed against automobile purchasers in conjunction with vehicle financing agreements. More importantly, like the Nelsons here, the *Davis* plaintiffs have sought to avoid removal to federal court by crafting a class action that requests less than the $75,000 jurisdictional amount per class member, disavows any punitive damages claim, and seeks payment of attorneys' fees only from a common fund recovery. In *Davis*, this court concluded that attorneys' fees, which would be deducted from any common fund recovery by individual co-plaintiffs and class members, should be aggregated for purposes of determining the amount in controversy in diversity cases.

The Eleventh Circuit has concluded that punitive damages available under Alabama law may be aggregated for purposes of satisfying the amount in controversy requirement for federal diversity jurisdiction. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1358-59 (11th Cir. 1996). In light of the Eleventh Circuit's reasoning in *Tapscott*, other district courts in this circuit have determined that attorneys' fee awards in class actions should also be aggregated for purposes of determining the requisite amount in controversy for diversity jurisdiction. *See Howard v. Globe Life Ins. Co.*, 973 F. Supp. 1412, 1419-21 (N.D. Fl. 1996); *Culverson v. General Motors Acceptance Corp.*, No. CV 96-B-3331-J (N.D. Ala. Sept. 30, 1997).

This court concludes that the analysis in *Tapscott* is equally applicable to attorneys' fee awards in class and multiple plaintiff actions. In the instant case, although the compensatory damages claimed by each class member have been limited to $74,000, and plaintiffs' counsel has expressly waived any claim for punitive damages, a successful suit by the purported 100,000-member plaintiff class would almost certainly result in an attorneys' fee award greater than

$75,000. Accordingly, Plaintiffs' Motion to Remand is due to be DENIED.

## II. Defendant's Motion to Dismiss

Carnival has moved to dismiss this action based on the forum selection clause contained in the cruise tickets purchased by the Nelsons. That clause provides:

> It is agreed by and between the guest and [Carnival] that all disputes and matters whatsoever arising under, in connection with or incident to this Contract shall be litigated, if at all, in and before a Court located in the State of Florida, U.S.A. to the exclusion of the Courts of any other state or country.

Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). A valid forum-selection clause will be enforced "in all but the most exceptional cases." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). Most significantly, the United States Supreme Court has concluded that the forum selection clause in Carnival's ticket-contracts is both reasonable and enforceable. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-95 (1991).

This court concludes that, in light of *Shute*, the forum-selection clause contained in the Nelsons' contract is due to be enforced. Although Count Six of their complaint requests a declaratory judgment that the clause is unreasonable, the Nelsons have failed to distinguish their circumstances from those present in *Shute*. Indeed, while the Nelsons suggest that a Florida forum would be "seriously inconvenient" for them, the *Shute* court concluded that Florida was not an unreasonable forum for the Shutes, who were residents of Washington State. This court is not

4

persuaded by the Nelsons' claim that suit in an *adjacent* state would be unreasonable. Accordingly, Carnival's motion to dismiss is due to be granted pursuant to 28 U.S.C. section 1406(a).

### III. Motion to Stay

Because the court has chosen to address both the motion to remand and the motion to dismiss in this opinion, Plaintiff's Motion to Stay Defendant's Motion to Dismiss is due to be denied as MOOT.

Dated: March 9, 1998

_____
Chief Judge Sam C. Pointer, Jr.

Service List:

    Mr. Jere F. White, Jr.
    Mr. William H. Brooks
    Ms. Melody L. Hurdle
    Mr. Lewis R. Clayton
    Mr. Steven C. Herzog
    Mr. Jeffrey A. Udell
    Mr. Jere L. Beasley
    Mr. Thomas J. Methvin
    Mr. Andy D. Birchfield, Jr.
    Mr. Nathan G. Watkins
    Mr. Richard G. Cross